**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE TRUSTEES OF THE | ) | |
| LINE CONSTRUCTION BENEFIT FUND; | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| NEW LIFE TREE SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, THE TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND, a Health and Welfare Fund (referred to as "Plaintiff", "LINECO", or "the Fund"), by and through their undersigned attorneys, Asher, Gittler & D'Alba, Ltd., complain of Defendant, NEW LIFE TREE SERVICE, INC., a California corporation ("Defendant"), as follows:

**NATURE OF THE CASE**

1.      This action is brought under the provisions of Sections 502(g)(2), 502 (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, to collect delinquent contributions and related sums Defendant is obligated to contribute to the Funds pursuant to applicable collective bargaining agreements and plan documents.

**JURISDICTION AND VENUE**

2.      Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

1

3. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2), which state in relevant part:

"Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

4. This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

5. Venue is proper in this District because Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), allows a suit to "be brought in the district where one of the plans is administered," and Plaintiff Line Construction Benefit Fund is maintained and administered within the Northern District of Illinois.

**PARTIES**

6. The Fund is a multiemployer employee welfare benefit plans as defined under Section 3(2) of ERISA, 29 U.S.C. Sec. 1002(2).

7. The Fund is a Taft-Hartley Fund, which is administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended; ERISA; and other applicable federal laws.

8. The Plaintiff Trustees are fiduciaries of the Fund within the meaning of 29 U.S.C. § 1132(e)(1).

9. The Fund receives contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between said employers and the International Brotherhood of Electrical Workers ("IBEW") and its affiliated local labor unions, including

2

specifically agreements between Defendant and IBEW Local Union 1245 ("the Union"). The Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal laws, and the Fund is administered pursuant to the terms and provisions of certain Restated Agreements and Declarations of Trust ("Trust Agreements").

10. Plaintiff LINECO's office is located at 821 Parkview Blvd., Lombard, IL 60148-323016, and the Fund is administered in the Northern District of Illinois.

11. Defendant is or was an employer engaged in an industry affecting commerce and maintains or maintained its principal place of business within Pittsburg, CA.

12. Defendant is a Stock Corporation registered with the California Secretary of State.

13. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund.

## COUNT 1 – DELINQUENT CONTRIBUTIONS

14. The Fund incorporates and realleges paragraphs 1-13 as if fully stated herein.

15. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan pursuant to the terms of the plan or under the terms of a collectively bargained agreement. 29 U.S.C. § 1145.

16. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of a plan through a civil action. 29 U.S.C. § 1132(a)(3).

17. Section 502(g)(2) of ERISA provides that a fiduciary bringing suit to recover delinquent contributions under Section 515 shall recover the unpaid contributions as well as

3

interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

18. The Fund receives contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between said employers and the IBEW and its affiliated local labor unions, including specifically agreements between the Union and Defendant. The Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal laws, and the Fund is administered pursuant to the terms and provisions of certain Trust Agreements.

19. As provided in the Trust Agreements, the Fund is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then-applicable Collective Bargaining Agreement or Agreements for the uses and purposes set forth in the Trust Agreements.

20. Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the Collective Bargaining Agreement or Agreements by which they were bound, all in violation of their contractual obligations and their obligations under applicable federal statutes.

21. As a result of the above-described omissions and breaches of agreement by Defendant, the Fund may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of the Fund and endangering

4

the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

22.     The Fund, on their behalf, and on behalf of all employees for whose benefit the Fund was established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

23.     As of the date of this filing, Defendant is delinquent to LINECO for contributions relating to hours worked in the month of November and December 2025, and January, February, and March 2026 in the amount of $299,366.50, which includes interest and liquidated damages. Interest continues to accrue monthly.

24.     The Fund is without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreements and the Trust Agreements, and is restrained from continuing to refuse to perform as thereunder required.

25.     Defendant's failure to pay is a violation of the Collective Bargaining Agreements and the Trust Agreements. The Fund, therefore, seeks enforcement of these provisions pursuant to Section 502(a)(3)(b)(ii) of ERISA and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Funds pray:

(a)     That judgment enter in favor of Plaintiff LINECO and against Defendant in the amount of TWO HUNDRED NINETY-NINE THOUSAND THREE HUNDRED SIXTY-SIX DOLLARS AND 50/100 ($299,366.50) and such additional monies that accrue during the pendency of this lawsuit, including specifically any additional interest, liquidated damages, and

related amounts that accrue in connection with the delinquent contributions identified herein, as well as any additional contributions, interest, liquidated damages, and related amounts that may accrue or be found to be owing subsequent to the filing of this Complaint.

(b)     That the Fund be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreements, the Trust Agreements, and the applicable provisions of ERISA, as amended.

(c)     That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreements, the Trust Agreements, and the applicable provisions of ERISA, as amended.

(d)     That Defendant be specifically ordered to furnish to the Fund the required monthly contribution reports and payments due thereunder and to continue to perform all obligations on Defendant's part according to the terms and conditions of the Collective Bargaining Agreements, the Trust Agreements, and the applicable provisions of ERISA, as amended.

(e)     For such other and further relief as the Court may determine just and proper.

Respectfully Submitted,

/s/ Catherine Humphrey
One of Plaintiffs' attorneys

Catherine Humphrey, ARDC No. 6345610
Matt Pierce, ARDC No. 6326448
Asher, Gittler, & D'Alba, Ltd.
200 West Jackson Blvd., Ste. 720
Chicago, Illinois 60606
Phone: (312) 263-1500
Fax: (312) 263-1520
ckh@ulaw.com
mjp@ulaw.com

Date: April 28, 2026